Francis W. **FRIEND**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20949.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1967.

Decided Dec. 18, 1967.

Mr. Milton A. Kallis, Washington, D. C. (appointed by this court), for appellant.

Mr. William M. Cohen, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Charles L. Owen, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before WRIGHT, LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge.

This appeal is from an order revoking appellant's conditional release from St. Elizabeths Hospital. Appellant was committed in 1957 pursuant to 24 D.C.Code § 301(d), having been found not guilty of robbery by reason of insanity. His life since has centered around the hospital, and his condition has not improved sufficiently to warrant his unconditional release from hospital care. Periodically he has been conditionally released, and has violated the terms of his release, although in a number of cases if not all cases he has returned to the hospital on his own account.

His latest difficulty arises out of an incident in August 1966, while he was living away from the hospital. Friend admits that he was drunk, and called a doctor at St. Elizabeths falsely saying he was shot and desperately in need of an ambulance. The hospital initiated proceedings to revoke his conditional release. The District Judge did not grant this application, but instead entered an order, October 31, 1966, that amended the conditions of release so as to require that appellant return to the hospital at night. Friend was upset by this decision because, he thought, it rested on an assump-

tion of the truth of hearsay testimony that he had threatened a hospital attendant with a knife. Friend vehemently denied this; but the issue apparently never came to a focus, because his retained counsel accepted the modification order. Friend considered the decision unfair, and four times in three months he absented himself in violation of it. Again revocation of the conditional release was sought, and this time it was heard by a different District Judge who held a hearing and granted the motion by a revocation order, now under appeal, entered February 17, 1967.

■■ We consider the validity of the order, even though we have been informed that subsequent to argument the District Judge who issued the order of October 31, issued another conditional release. Neither counsel has filed a suggestion either that the case is moot or that appellant can have no claim of prejudice from the order under appeal. Appellant complained his employment opportunities are adversely affected when prospective employers learn of the issuance of the order under appeal. Moreover, his circumstances are in many respects similar to those which have led to the "continuing controversy" limitation on the mootness-doctrine—broadly, that cases are not made moot by the expiration of orders of brief duration capable of future repetition. Both doctors who testified at the hearing thought it improbable that appellant would consistently obey release conditions. His complete hospital detention is usually for a relatively brief time, not likely to persist long enough to finish appellate review. The issue as to the proper construction of § 301(e) is continuing and of public importance, and review is not precluded by mootness.[1]

There was evidence at the hearing sufficient to justify the revocation of Friend's conditional release. Both doctors who testified were of the opinion that appellant was mentally ill and potentially dangerous, (though they expressed different views as to whether the conditional release should be revoked). The exact basis of the earlier order of October 1966 does not appear, and there was no transcript of the hearing held at that time. But appellant himself admitted certain facts about his August conduct which, putting entirely to one side the premise he would deem unfair, certainly indicated a troublesome instability: He admitted that he had been on a drinking spree and that he had called a doctor at St. Elizabeths and falsely reported that he had been shot and required an ambulance (a course of conduct that may divert resources from those really requiring emergency treatment). Moreover, and significantly in regard to the issue of dangerousness, appellant admitted on cross-examination at the very end of the hearing that at the October hearing a doctor had testified that appellant had cut his wrist in August, and that this was indeed the fact. The hearing also brought out—and may indeed have unduly centered on, appellant's refusal to obey the condition imposed by the District Judge in October. Although appellant testified, as we have already noted, that he felt the proceeding had been unjust, this defiance is in itself some demonstration of inability to adapt to the community.

■ However, the District Judge made no findings as to the appellant's mental condition and dangerousness, and we think such findings, and the focus they imply, are required. The sole reason for revocation mentioned in the order is the fact that appellant failed to comply with conditions. While that fact is obviously significant it is not the sole or ultimate consideration.

■ A court asked to reimpose complete restriction on a patient is called upon to make an independent judicial de-

---

1. See Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); Gay Union Corp. v. Wallace, 71 App.D.C. 382, 112 F.2d 192, cert. de-

nied, 310 U.S. 647, 60 S.Ct. 1098, 84 L.Ed. 1414 (1940); Boise City Irr. & Land Co. v. Clark, 131 F. 415, 419 (9th Cir. 1904).

582

termination, Darnell v. Cameron, 121 U.S.App.D.C. 58, 348 F.2d 64 (1965). "The part of the court in the release procedure is not *pro forma* or merely technical; it is the performance of judicial acts, dependent solely on the evidence and the judicial judgment of the court." Isaac v. United States, 109 U.S.App.D.C. 34, 38, 284 F.2d 168, 172 (1960); Darnell v. Cameron, supra, 121 U.S.App.D.C. at 60, 348 F.2d at 66. When the granting of a conditional release is at issue the court must inquire into the patient's condition to determine whether—either under conditions proposed by the hospital superintendent, or such other conditions as the court sees fit to impose—the patient "will not in the reasonable future be dangerous to himself or others." Hough v. United States, 106 U.S.App. D.C. 192, 271 F.2d 458 (1959). We think the court must act with reference to the same concern when deciding on revocation of a conditional release, particularly when, as here, there is conflict between the testifying doctors as to the advisability of revocation. That a patient repeatedly violates a court imposed condition is a clearly material factor pointing toward revocation. But it is not controlling. A change in conditions may be more appropriate than revocation in serving the public interest, including the dual interest of providing treatment, and in doing so in a manner affording reasonable assurance for the public safety. Indeed the October 1966 order presumably reflects just such an approach. Prior determinations on the basis of a hearing held some months before, as to the patient's mental condition, potential dangerousness, or appropriate conditions, are obviously not res judicata.

If Friend were still hospitalized, we would remand for new or clarifying findings. Under the circumstances we think justice better served by merely vacating the District Court order appealed from. This action of course does not affect the validity of the order entered pending the appeal.

So ordered.