**PACIFIC MARITIME ASSOCIATION,**
Appellee,

v.

**INTERNATIONAL LONGSHOREMEN'S
AND WAREHOUSEMEN'S UNION**
et al., Appellants.

No. 24409.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 1971.

Norman Leonard (argued), of Gladstein, Andersen, Leonard, Sibbett & Patsey, San Francisco, Cal., for appellants.

Richard Ernst (argued), Dennis Daniels, Robert W. Tollen, Richard W. Wheelock, of Ernst & Daniels, San Francisco, Cal., for appellee.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

HAMLEY, Circuit Judge:

In 1966, Pacific Maritime Association (PMA) and International Longshoremen's and Warehousemen's Union (Union) entered into a collective bargaining contract to run until July 1, 1971. Under that contract PMA members had the option to "stuff" and "unstuff" containers on the docks, using Union personnel, or to do this work or have it done by others at places away from the waterfront. In October, 1968, the Union decided that it wanted to eliminate this option clause with respect to certain cargoes moving in containers. Extensive collective bargaining was had but PMA ultimately refused the demand of the Union to eliminate the option clause. As a result the Union, on March 17, 1969, went on strike.

The collective bargaining contract provided that there shall be no strikes, lockouts or work stoppages during its life

and contained an arbitration clause. This clause provided that all decisions of the arbitrators shall be final and binding upon all parties. When the Union went on strike, PMA invoked this arbitration procedure.

The arbitrator issued his award on March 19, 1969, holding that the strike action in an effort to get the contract changed was in violation of the contract. The arbitrator ordered the Union to do whatever acts were necessary to stop the strike, and to refrain from such strike action as to the container problem for the remainder of the contract term. The arbitrator directed the longshoremen and clerks to resume the work on container cargoes that they were then refusing to do.

The Union and its members refused to comply with this award. PMA then, on March 20, 1969, commenced this action for confirmation of the award and for a court order enforcing the award restraining the strike action. The district court, on March 31, 1969, entered an order, based on detailed findings of fact, enforcing the award. Pacific Maritime Association v. International Longshoremen's and Warehousemen's Union, 304 F.Supp. 1315 (N.D.Cal.1969).

A few days later, PMA instituted contempt proceedings and sought damages from the Union. While these proceedings were pending, the Union appealed from the district court order of March 31, 1969.

In its brief on appeal, the Union argued that section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104, deprives federal courts of jurisdiction to direct a labor union, its officers and members, to comply with the terms of such a binding award, the effect of which is to order union longshoremen and clerks to stop the strike and go back to work. The Union relied primarily upon Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

On the day the Union filed its opening brief in this court presenting that argument, the *Sinclair* case was expressly overruled in Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 255, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The Court held, in *Boys Markets,* that the Norris-LaGuardia Act does not bar the granting of injunctive relief enforcing the obligation that a union undertook under a specifically enforceable agreement to submit disputes to binding arbitration. 398 U.S., at 252–253, 90 S.Ct. 1583.

At oral argument on this appeal the Union did not undertake to distinguish *Boys Markets* from the case now before us. Instead, it urged this court to remand the cause to the district court for dismissal of the injunctive feature of the action as moot, inasmuch as the collective bargaining contract here in question expired under its own terms on July 1, 1971. PMA opposed this disposition of the cause.

The injunctive feature of this action, as originally postured, presented the question of whether, in view of the Norris-LaGuardia Act, the district court had jurisdiction to enter its order of March 31, 1969. At that time the collective bargaining contract, with its no-strike and binding arbitration clauses, was in full effect. Assuming that the March 31, 1969 injunction order became *functus officio* on July 1, 1971, when the collective bargaining contract expired, and that the remaining contempt and damages issues do not require a determination as to the validity of the injunction, we are nevertheless of the view that the jurisdictional issue has not been mooted.

■ Generally speaking, a case is moot when the issues presented are no longer "live," or parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). But an issue remains "live" unless subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. United States v. Concentrated

**264**

Phosphate Export Ass'n, Inc., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). As the District of Columbia Circuit said in Friend v. United States, 128 U.S.App.D.C. 323, 388 F.2d 579, 581 (1967): " . . . cases are not made moot by the expiration of orders of brief duration capable of future repetition." [1]

■ In our opinion, the expiration of the collective bargaining contract of 1966 does not make it absolutely clear that the jurisdictional issue may not arise again between these parties. They may enter into another collective bargaining agreement containing similar no-strike and binding arbitration clauses and once again it may be alleged that the Union is violating those clauses and injunctive relief may be sought. It appears to us to be preferred judicial procedure to decide, now, the fully-presented jurisdictional question which could again arise under the hypothesized circumstances. We might be disposed otherwise if such a decision would involve determination of any constitutional question. *See* Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 284, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). But no constitutional question is involved.

■ Turning to the merits of the jurisdictional question, it is our opinion that Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), is not distinguishable from the case before us in any material respect. That decision accordingly requires us to hold that the district court had jurisdiction to enter its order of March 31, 1969.

We therefore affirm that order and remand the cause to the district court for further proceedings on the remaining issues, which may include the question of whether the injunction is now *functus officio*.

---

1. *See also*, Boggess v. Berry Corporation, 233 F.2d 389, 390, 16 Alaska 256 (9th Cir. 1956); Women Strike for Peace v.

Hickel, 137 U.S.App.D.C. 29, 420 F. 2d 597, 604 (1969).