**LOCAL UNION 77, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Appellant,**

v.

**PUGET SOUND POWER AND LIGHT COMPANY, Appellee.**

No. 72–2194.

United States Court of Appeals, Ninth Circuit.

Nov. 20, 1974.

Certiorari Denied March 24, 1975.

See 95 S.Ct. 1429.

David E. Williams (argued) of Critchlow, Williams, Ryals & Schuster, Richland, Wash., for appellant.

Bruce Michael Cross (argued) of Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for appellee.

Before TRASK and SNEED, Circuit Judges, and JAMESON,* District Judge.

## OPINION

SNEED, Circuit Judge:

Appellant union brought this action to compel arbitration of an employee grievance pursuant to a collective bargaining agreement. The employee, while working at one company facility, had "bid" for and been awarded a position in another company facility. When the employee refused to change his place of residence, as was required in the company's solicitation of the job bid, he was returned to his former position. A grievance was filed and the company refused to arbitrate.

Shortly after the complaint in this action was filed, the employee was promoted to the position of foreman. He therefore had no further interest in obtaining the job on which he had bid.

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

Based on this changed circumstance and on the fact that the employee sought no monetary damages such as back wages, the district court dismissed the case as moot. We reverse.

There is a continuing and live controversy between the union and the company concerning the arbitrability of the practice of conditioning job bids on change of residence. There is no evidence that the company intends to change its present policy. As we have stated in a related context, "an issue remains 'live' unless subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Pacific Maritime Association v. ILWU, 454 F.2d 262, 263 (9th Cir., 1971). See Pittsburgh Newspaper Printing Pressmen's Union v. Pittsburgh Press Co., 479 F.2d 607 (3rd Cir., 1973); Avco Corp. v. Local 787, UAW, 459 F.2d 968 (3rd Cir., 1972); Atlantic Richfield Co. v. Oil Workers Union, 447 F.2d 945 (7th Cir., 1971). The company cannot avoid its obligation to arbitrate this controversy, if in fact the district court ultimately finds such an obligation to exist, by promoting the employee whose grievance initiated the dispute over the meaning of the contract. We do not imply that this promotion was made in bad faith but the strong policy favoring arbitration would be frustrated if the company were permitted to moot a continuing general issue by taking amelioratory action in individual cases after they have come before the court.

Appellee Puget Sound has attempted to belatedly raise in its brief the denial by the district court of its motion under 28 U.S.C. § 1404(a) for transfer to another district. This issue has never properly been brought before us by petition for writ of mandamus or by notice of appeal. We therefore will not consider it.

The order of the district court dismissing this action as moot is reversed and the cause remanded to determine whether the issue is subject to arbitration.

Reversed and remanded.