422 A.2d 996 (1980)
Johnnie L. SHULER, Appellant,
v.
UNITED STATES, Appellee.
No. 79-1194.
District of Columbia Court of Appeals.
Submitted October 9, 1980.
Decided November 3, 1980.
Melvin M. Feldman, Rockville, Md., was on brief, for appellant.
Charles F. C. Ruff, U. S. Atty., John A. Terry, Robert B. Cornell and Thomas C. *997 Hill, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.
Before NEWMAN, Chief Judge, GALLAGHER and PRYOR, Associate Judges.
PER CURIAM:
Appellant was charged with unarmed robbery and found not guilty by reason of insanity. He was duly committed to St. Elizabeths Hospital.
Later that year, the superintendent of St. Elizabeths Hospital recommended holiday visitation for appellant with his family (or friends) for Christmas Day and conditional release for this purpose was granted by the trial court. The next year, on October 30, 1979, the superintendent recommended a more extensive conditional release for the Thanksgiving and Christmas holidays, with provisions having been made for family supervision. The court denied without hearing this request as being beyond its authority.
The court was mistaken in concluding it had no authority to grant the conditional release requested. It is authorized by our code. D.C.Code 1973, § 24-301(e). This has been judicially recognized in this jurisdiction. Hough v. United States, 106 U.S.App.D.C. 192, 271 F.2d 458 (1959).
The government concedes this but contends the case is now moot. We disagree and point to Friend v. United States, 128 U.S.App.D.C. 323, 388 F.2d 5791 (1967) where the court stated "The issue as to the proper construction of § 301(e)[[1]] is continuing and of public importance, and review is not precluded by mootness." Id. at 325, 388 F.2d at 581 (footnote omitted).
We conclude the trial court had authority to grant the conditional release requested.[2] Since events have passed us by, the proper relief in this instance is to vacate the order appealed from. Id.
So ordered.
NOTES
[1] This is the same statute under consideration here.
[2] It goes without saying that it would not be required to grant it if, after a hearing, the court found the patient's mental condition precluded it. Id.