[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 6, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-12413
Non-Argument Calendar

_____

D. C. Docket No. 07-20226-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JASON AMBERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Jason Ambers appeals the district court's order revoking his

conditional release and committing him to a suitable facility for an indeterminate period pursuant to 18 U.S.C. § 4243(g). Ambers contends that the district court failed to apply the proper legal standard under § 4243(g) and violated his Fifth Amendment right to due process when it revoked his conditional release and committed him indefinitely.

I.

A federal grand jury indicted Ambers for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and placing a loaded firearm on an aircraft, in violation of 49 U.S.C. § 46505(b)(2). After determining that Ambers was competent to stand trial and accepting his waiver of his right to a jury trial, the district court conducted a bench trial based on facts stipulated to by the parties.

Ambers stipulated and agreed to the admission into evidence of a report written by Dr. David Shapiro, a psychologist, following his examination and evaluation of Ambers. In that report, Dr. Shapiro stated that Ambers was "suffering from a severe Affective Disorder." Dr. Shapiro further stated that Ambers, "similar to many patients who have severe Affective Disorders, began to feel better once he was taking his medication and decided, therefore, to go off of his medication" and that "[w]hen his symptoms started returning, rather than going

2

back on the medication, he attempted to 'self-medicate' [with psychoactive substances] which, in turn, made him more paranoid and resulted in his [perceived] need for a weapon to protect himself." Ambers also stipulated and agreed to the admission into evidence of a report by Dr. Rodolfo Buigas, another psychologist who evaluated Ambers. Dr. Buigas stated that Ambers' mental disorder is "significantly exacerbated by substance abuse."

Based on the parties' stipulations, the district court found Ambers not guilty only by reason of insanity and ordered him committed pursuant to § 4243(a). In its December 2007 order committing Ambers, the district court also ordered that a psychological or psychiatric examination of Ambers be conducted to determine whether his "release would create a substantial risk of bodily injury to another person or serious damage of property of another" and that a report based on that examination be filed with the court pursuant to § 4243(b).

In April 2008, the Federal Medical Center in Butner, North Carolina, prepared and filed with the district court a Forensic Evaluation Report pursuant to the district court's December 2007 order. The Forensic Report concluded that Ambers' release "would not create a substantial risk of bodily injury to another person or [] serious damage to the property of another person." However, as the district court noted, the Forensic Report also acknowledged that Ambers suffers

from Bipolar Disorder, that he "has a history of engaging in violent behavior when he is off his psychotropic medication and self-medicating himself with illegal substances," and "that [Ambers] has a 'pattern of medication non-compliance' and of behaving impulsively when untreated."

The district court then conducted a hearing on Ambers' possible release pursuant to § 4243(f). At that hearing, the district court reviewed the Forensic Report. Ambers did not object to the Report. Following that hearing, the district court issued an order finding that Ambers' "release would not pose a substantial risk of bodily injury to another person or serious damage to the property of another person, provided that [he] continues to take the psychotropic medications that have been prescribed for him." Due to Ambers' history of medication non-compliance, the district court also ordered that Ambers' "release must be conditioned upon a prescribed regimen of medical, psychiatric or psychological care or treatment." The district court then ordered the Federal Medical Center to prepare an appropriate treatment regimen for Ambers before his conditional release.

The Federal Medical Center created a regimen of conditions to govern Ambers' release. Ambers' regimen included requirements that he "maintain active participation in a regimen of outpatient mental care as . . . administered by Compass Health Systems," that he "abstain from the use of alcohol, illegal narcotic

4

substance[s] or drugs," and a provision stating that Ambers "may be required to submit for testing for use of drugs and alcohol at the direction of the United States Probation Officer." On June 6, 2008, the district court found "that [Ambers'] release would not pose a substantial risk of bodily injury to another person or serious damage to the property of another person under the conditions described in the FMC's regimen" and ordered Ambers released subject to those conditions pursuant to § 4243(f)(2).

In February 2009, the United States Probation Office petitioned the district court for the issuance of a warrant for Ambers' arrest. The petition alleged that Ambers violated the conditions of his release by "failing to participate in an approved mental health/substance abuse treatment program" and "by failing to submit to drug testing." The district court issued the warrant, which was executed on February 25, 2009.

On April 21, 2009, the district court held a hearing to determine whether Ambers' conditional release should be revoked under § 4243(g). At that hearing, Ambers stipulated that he violated the conditions of his release by failing to attend two scheduled appointments at Compass Health Services and by failing to submit to drug testing on two occasions. Ambers' counsel also admitted that Ambers had tested positive for cocaine use during his conditional release. No witnesses

testified at the hearing.

Following the hearing, the district court issued an order stating that it "found [that Ambers] failed to comply with his prescribed regimen of medical, psychiatric, and psychological care or treatment and that his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another." Consistent with those findings, the district court revoked Ambers' conditional release and ordered him committed to a suitable facility pursuant to § 4243(g) "until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e)." Ambers then filed this appeal.

## II.

Ambers argues that the district court's revocation of his conditional release was an erroneous application of the legal standard required by § 4243(g) and a violation of his rights under the Due Process Clause of the Fifth Amendment. Although Ambers frames his arguments as based on the application of legal standards, both of his arguments hinge on his contention that there was insufficient evidence to support a finding that his continued release would pose a substantial risk of bodily injury to another person or serious damage to another's property. He asserts that at his revocation hearing there was no evidence that he had failed to take his medication or that his continued release would pose a substantial danger.

6

Whether the district court properly applied the legal standard of § 4243(g) and the requirements of due process under the Fifth Amendment are legal questions that we review de novo. See Agan v. Vaughn, 119 F.3d 1538, 1541 (11th Cir. 1997) ("We review . . . purely legal questions de novo."). We review a district court's finding of dangerousness under § 4243 for clear error. United States v. Wattleton, 296 F.3d 1184, 1201 n. 34 (11th Cir. 2002). Under either standard, the result of this appeal would be the same.

18 U.S.C. § 4243(g) provides in pertinent part that when deciding whether to revoke an insanity acquittee's conditional release, a district court:

> shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

The plain language of § 4243(g) requires that a district court make two findings before revoking an insanity acquittee's conditional release: (1) the acquittee failed to comply with his prescribed regimen of care or treatment and (2) his continued release would create a substantial risk of bodily injury to another person or serious damage to another's property.

Ambers stipulated that he did not comply with the conditions of his prescribed regimen of treatment because he failed to attend two scheduled

7

meetings with his mental health counselors and failed to submit to drug testing on two occasions.  Also, at the revocation hearing, Ambers, through his attorney, admitted testing positive for cocaine in violation of the conditions of his regimen. See Laird v. Air Carrier Serv. Inc., 263 F.2d 948, 953 (5th Cir. 1959) ("When [an attorney] speaks in Court, whether it be [i]n a formal trial or in an informal pretrial, he speaks for and as the client.").[1]  Because Ambers admits that he failed to comply with the conditions of his treatment regimen, the only remaining issue is whether the district court erred in finding that his continued release would create a substantial risk under § 4243(g).

Unlike subsections (d) and (f) of § 4243, which explicitly place the burden on the insanity acquittee to prove that his release would not create a substantial risk, § 4243(g) does not specify whether the government or the acquittee bears the burden of proof in a hearing on the revocation of an acquittee's conditional discharge.  We need not decide that issue today because our decision would be the same whether the burden falls on Ambers or on the government.

Ambers did not present any evidence of his lack of dangerousness at the revocation hearing.  Therefore, if § 4243(g) places the burden on Ambers to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

demonstrate that "his continued release would [not] create a substantial risk of bodily injury to another person or serious damage to property of another," his arguments fail.

Even if the government bears the burden under § 4243(g) of demonstrating that Ambers' continued release would pose a substantial risk, Ambers' argument that the district court erred in revoking his conditional release still fails. Before revoking his conditional release, the district court specifically found that Ambers' continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another.[2] It did not make that finding in an evidentiary vacuum.

Ambers stipulated to and does not now challenge the fact that he suffers from a mental disorder. Ambers stipulated and agreed to the admission into evidence of Dr. Shapiro's report, which detailed the way in which Ambers' failure to take his medication and his attempts to self-medicate led to his paranoia and caused him to believe that he needed a firearm to protect himself. Ambers' also

_____

[2] Ambers' reliance on Friend v. United States, 388 F.2d 579 (D.C. Cir. 1967), is misplaced. In that case, the D.C. Circuit reversed the district court's revocation of the acquittee's conditional release because the district court "made no findings as to the appellant's mental condition and dangerousness." Id. at 325. Ambers admits that he has a mental disorder, and the district court explicitly found in its revocation order that his continued release would pose a substantial risk. Furthermore, Friend does not bind us in our interpretation of 18 U.S.C. § 4243, as it was decided by the D.C. Circuit and involved that court's interpretation of 24 D.C. Code § 301(d).

9

stipulated to Dr. Buigas' report, which noted that substance abuse worsens Ambers' condition. Also, Ambers did not object to the Forensic Report, which noted Ambers' history of medication non-compliance and his propensity for violence when he is unmedicated and using illegal drugs.

The record shows that Ambers' mental condition renders him substantially dangerous when he fails to comply with his mental health treatment regimen and uses illegal drugs. The district court was aware of that record; the same judge presided over Ambers' bench trial, his conditional release hearing, and the hearing revoking his conditional release. At his revocation hearing, Ambers admitted that he failed to attend scheduled meetings with his mental health counselors, failed to submit to drug testing, and tested positive for cocaine during his conditional release. The conduct comprising those violations makes Ambers' condition worse and renders him substantially dangerous. The record therefore contains enough evidence to support a finding that Ambers' continued release created a substantial risk of bodily injury to another or serious damage to another's property. Because both Ambers' § 4243(g) argument and his due process argument rely on his contention that the record lacked sufficient evidence to support that finding, those arguments must fail. Accordingly, the judgment of the district court is

**AFFIRMED.**

10