FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT T. LOGSDON,

    Defendant - Appellant.

No. 11-3157
(D.C. No. 6:06-CR-10003-WEB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Robert Logsdon was found not guilty by reason of insanity of threatening the

President of the United States. He was later granted conditional release to the

Candlerock Residential Care Facility, but within one day was discharged from the facility

for consuming alcohol on the premises and sharing it with a minor, thereby violating his

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conditions of his release.  The district court revoked his conditional release.  Mr. Logsdon

filed a notice of appeal.  His counsel determined after a diligent search of the record that

there are no issues that could support an appeal.  He therefore filed a motion to withdraw

and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967).  Mr. Logsdon filed a

response.  Exercising jurisdiction under 28 U.S.C. § 1291 and finding no meritorious

issues, we dismiss the appeal.  We also grant counsel's motion to withdraw.

## I.  BACKGROUND

In 2006, Robert Logsdon was charged with threatening the President of the United

States in violation of 18 U.S.C. § 871 in the United States District Court for the District

of Kansas.  The court found him not guilty by reason of insanity on June 11, 2007 and

ordered a psychological evaluation.  On May 7, 2008, the court adopted the conclusion of

the evaluators that releasing Mr. Logsdon from custody created a substantial risk of

injury to others.  The court therefore committed him to the custody of the Attorney

General until an appropriate placement for conditional release could be found.

On April 20, 2011, the district court conditionally released Mr. Logsdon to the

Candlerock Residential Care Facility in Cedar Vale, Kansas.  The conditions of his

release included, among others, residing at Candlerock, abstaining from using alcohol,

and not committing another federal, state, or local crime.

According to Probation Officer Toni Corby, on the day Mr. Logsdon arrived at

Candlerock, he was observed consuming alcohol on the premises.  He was arrested and

charged with furnishing alcohol to a minor.  Candlerock discharged him from the facility.

Officer Corby claims that Mr. Logsdon admitted to her that he drank alcohol.

On May 17, 2011, the government moved to revoke Mr. Logsdon's conditional release on the grounds that he (1) was discharged from Candlerock, (2) consumed alcohol, and (3) committed a crime. Mr. Logsdon admitted at the hearing that he purchased alcohol, but claimed that he did not intend to drink it and instead planned to give it to other adults at Candlerock. He also claimed that he passed a breath test at the time of his arrest.

The district court found that Mr. Logsdon violated the conditions of his release by being discharged from Candlerock. The court also found that, "[d]espite Mr. Logsdon's protestations to the contrary, the circumstances make it highly likely that he purchased alcohol with the intention of consuming at least some of it, even if a breath test some time after his arrest registered no alcohol in his system." *United States v. Logsdon*, 2011 WL 1899305 at *2 (D. Kan. May 19, 2011).

The statute that provides for conditional release for those found not guilty of a crime by reason of insanity also provides for revocation of the release:

> The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4243(g).

The district court held that the defendant bears the burden of proving that continued release would not create a substantial risk. The court then held that Mr.

-3-

Logsdon's continued release would create a substantial risk and ordered his release revoked. The court noted that "the same result would obtain here even if the burden were on the Government." *Logsdon*, 2011 WL 1899305 at *3.

Mr. Logsdon filed a timely notice of appeal. His counsel then filed an *Anders* brief and a motion to withdraw, stating that "[c]ounsel has reviewed the record of this case, researched the issues raised by [Mr. Logsdon] and found them to have no merit." *Anders* Br. at 2. The government notified the court that it would not file an answer brief. Mr. Logsdon filed a response.

## II. DISCUSSION

Pursuant to *Anders,* counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir. 2005).

> Under *Anders,* counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders,* 386 U.S. at 744). We have considered Mr. Logsdon's counsel's *Anders* brief and Mr. Logsdon's response, and we have fully reviewed the record. We agree with Mr. Logsdon's counsel that the record indicates no meritorious issues that may be appealed.

The *Anders* brief considers two issues: (1) whether the district court erred in

-4-

placing the burden of disproving dangerousness on Mr. Logsdon, and (2) whether the court erred in revoking his release.

As to the burden, Mr. Logsdon argues that "[i]f the district court had placed the burden [for proving substantial risk] on the government . . . there is a chance that the conclusion of the court in regards to the dangerousness of my continued released would have been different." Mr. Logsdon's Response at 1. Because the district court stated that "the same result would obtain here even if the burden were on the Government," *Logsdon*, 2011 WL 1899305 at *3, we need not decide whether the court correctly placed the burden of disproving dangerousness on Mr. Logsdon, and he is clearly wrong about having "a chance" for a different result.

As to the revocation, Mr. Logsdon disputes the facts in Officer Corby's revocation hearing testimony and whether she was qualified to testify. But that does not matter because even if he were correct, Mr. Logsdon concedes he was discharged from Candlerock, *see* Mr. Logsdon's Response at 12. Because Mr. Logsdon's conditional release was predicated on his remaining at Candlerock, ROA, Vol. 1 at 30, his discharge after one day was itself sufficient for the court to revoke his conditional release.

Our review of the record reveals no potentially meritorious issues.

## III.    CONCLUSION

We DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge