IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-51012
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO GALLARZO GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2175-ALL

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Alfredo Gallarzo Garcia was convicted pursuant to a guilty plea of importing into the United States 500 grams or more of a mixture or substance containing cocaine and of possessing with the intent to distribute 500 grams or more of a mixture or substance containing cocaine. See 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), 952(a), 960(a)(1), 960(b)(2)(B). He appeals his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia argues that the district court violated his due process rights by failing sua sponte to order a psychological evaluation and hold a competency hearing prior to imposing his sentence. However, nothing in Garcia's demeanor before the court would have given the district court reasonable cause to believe that Garcia was mentally incompetent. Moreover, Garcia failed to present any evidence to the district court indicating that he had a history of irrational behavior, that his mental health problems prevented him from understanding the nature and consequences of the proceedings against him, or that his mental health problems prevented him from assisting properly in his defense. Garcia has not shown that the district court abused its discretion by failing to sua sponte consider his competency to be sentenced. See United States v. Messervey, 317 F.3d 457, 463 (5th Cir. 2002); United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995).

Garcia also argues that he was denied the effective assistance of counsel because his attorney failed to adequately investigate his mental health problems and present to the district court at sentencing evidence calling into question his competency. We decline to review Garcia's ineffective assistance of counsel claim because it was not raised before the district court and the record is not sufficiently developed for us to fairly evaluate the merits of Garcia's allegations. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Garcia remains free to pursue his claim of ineffective assistance of counsel in accordance with 28 U.S.C. § 2255. See United States v. Garza, 990 F.2d 171, 178 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.