[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

No. 07-15944

_____

D. C. Docket No. 04-80102-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CRAPE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 10, 2008)**

Before TJOFLAT, CARNES and BOWEN,* Circuit Judges.

PER CURIAM:

---

* Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of
Georgia, sitting by designation.

Michael Crape appeals the district court's order revoking his conditional release under 18 U.S.C. § 4243(g). He contends that the district court erred by revoking the conditional release in his absence and without holding a hearing. The district court did err in doing that, as the government correctly concedes.

Under 18 U.S.C. § 4243, a defendant found not guilty by reason of insanity of a federal crime is committed to a suitable facility pending a hearing to determine whether he is eligible for release. United States v. Wattleton, 296 F.3d 1184, 1197 (11th Cir. 2002). If, after the hearing, the defendant is committed to the custody of the Attorney General, he may later be conditionally released under § 4243(f). Section 4243(g) provides the conditions for revocation of conditional release:

> Revocation of conditional discharge.--The director of a medical facility responsible for administering a regimen imposed on an acquitted person conditionally discharged under subsection (f) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, *the person* may be arrested, and, upon arrest, *shall be taken* without unnecessary delay *before the court* having jurisdiction over him. The court shall, *after a hearing*, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4243(g) (emphasis added). Hearings held under § 4243 are civil, not

criminal, in nature.  See Shannon v. United States, 512 U.S. 573, 577, 114 S.Ct.

2419, 2423 (1994) (noting that § 4243 creates a "comprehensive civil commitment

procedure").

Section 4247(d), which is found in the general provisions of the same

chapter, reads as follows:

> Hearing.--*At a hearing* ordered pursuant to this chapter the person
> whose mental condition is the subject of the hearing shall be
> represented by counsel and, if he is financially unable to obtain
> adequate representation, counsel shall be appointed for him pursuant
> to section 3006A.  The person *shall be afforded an opportunity to
> testify, to present evidence, to subpoena witnesses on his behalf, and
> to confront and cross-examine witnesses who appear at the hearing.*

18 U.S.C. § 4247(d)(emphasis added).  Thus, "[a]lthough it is a civil hearing, the

insanity acquittee . . . has a right to counsel . . . [and] must be given the opportunity

to testify, to present evidence, to subpoena witnesses on his behalf, and to confront

and cross-examine witnesses."  Wattleton, 296 F.3d at 1198 n.22 (internal

quotations omitted).

Because Crape had a statutory right to be present when the district court

revoked his conditional release, the district court erred by revoking Crape's

conditional release in his absence.  Accordingly, we vacate and remand for further

proceedings as discussed below.

Crape also contends that the district court failed to apply the proper legal

3

standard under § 4243(g) in revoking his conditional release and, again, the government correctly concedes the point. That provision requires the district court to "determine whether the person should be remanded to a suitable facility" because, "in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." § 4342(g). The district court did not make any findings about that.

While we have not had occasion to address the conditional release standard of § 4342(g), two other circuits have. In United States v. Phelps, 283 F.3d 1176, 1186 (9th Cir. 2002), the Ninth Circuit stated in dicta that under § 4243(g) "[t]he court is to determine whether the concerns expressed by the director with regard to the failure to comply with this regimen justify termination of the person's release." But it also pointed out that § 4342(g) "does not provide that [failure to comply with a medical regimen] is the exclusive basis for terminating the release of a mentally ill person. It is the basis for terminating the release when the process is instituted by the director of the mental facility." Id. Similarly, the Seventh Circuit has noted that § 4243(g) permits the district court to revoke conditional release for failure to comply with a medical regimen or "upon other probable cause" that the individual violated a condition of release reasonably related to a potential danger to other

4

persons or property.  <u>United States v. Jain</u>, 174 F.3d 892, 899 (7th Cir. 1999) (dicta).

The record does not show that Crape failed to comply with his medical regimen or that his noncompliance and continued release created a substantial risk of harm to persons or property, and the government did not assert any other basis for revoking his conditional release.  Accordingly, on remand, the district court should conduct further proceedings (with Crape present) and determine whether, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, Crape's continued release created a substantial risk of bodily injury to another person or serious damage to property of another.

**VACATED AND REMANDED.**[1]

---

[1]This case was originally scheduled for oral argument, but the panel unanimously decided that oral argument was not necessary.  <u>See</u> 11th Cir. R. 34-3(f).