**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

Lyle W. Cayce
Clerk

No. 10-20624
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESLIE LANG, also known as Leslie Lang-Reynolds,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-69-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leslie Lang pleaded guilty to one charge of conspiracy to commit wire fraud and was sentenced to serve 24 months in prison and a three-year term of supervised release. In this appeal, she argues that her plea was involuntary because it was entered when she was in a state of extreme mental turmoil. The Government contends that Lang has failed to show the district court erred by not sua sponte holding a competency hearing. Our review of the record and pertinent authority refutes Lang's position and supports the Government's.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20624

A defendant who contends that she was incompetent to plead guilty must show that her alleged mental defect rendered her unable to consult with her lawyer or to understand the proceedings against her. *Godinez v. Moran*, 509 U.S. 389, 396, 398-99 (1993). Lang has not made this showing. Although the record arguably shows that she suffered from anxiety and mental illness, such illness does not automatically render one legally incompetent. *See Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990).

Similarly, our review of the record and parties' arguments does not show that Lang exhibited irrational behavior or a demeanor indicative of incompetency, and she did not produce a prior expert opinion addressing her competence vel non. *See United States v. Ruston*, 565 F.3d 892, 902 (5th Cir. 2009). Consequently, Lang has not shown that the district court had reasonable cause to believe that a competency hearing was needed or that it abused its discretion by not sua sponte ordering such a hearing. *See* 18 U.S.C. § 4241(a); *Ruston*, 565 F.3d at 901.

AFFIRMED.