**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6863

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JOHN SELLERS,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:00-hc-00567-BR)

Submitted:  November 26, 2013          Decided:  December 10, 2013

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Joseph Bart Gilbert, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Sellers appeals the district court's order finding that he violated the terms of his conditional release pursuant to 18 U.S.C. § 4246(e) (2012), and recommitting him for treatment of his mental disease. Sellers contends that the court failed to find facts sufficient to support its conclusion that his continued release posed a risk to persons or property. We affirm.

When a district court is asked to revoke an individual's conditional release, it must hold a hearing to

> determine whether the [individual in question] should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(f) (2012). Accordingly, a district court may revoke conditional release upon two findings: "that the individual failed to comply with his treatment regimen and that his continued release would create a substantial risk of bodily injury to another." United States v. Mitchell, 709 F.3d 436, 443 & n.17 (8th Cir. 2013).

Generally, a district court's findings of fact under 18 U.S.C. § 4246(f), including an individual's risk to other persons or property, are reviewed for clear error while its legal conclusions are reviewed de novo. See id.; United States

v. Woods, 995 F.2d 894, 895-96 (9th Cir. 1993); see also United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992) (indicating similar standard in review of denial of unconditional release). However, because Sellers failed to raise any relevant objection, we review for plain error. See Fed. R. Crim. P. 52(b); Henderson v. United States, 133 S. Ct. 1121, 1124–25 (2013); United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Sellers must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Id.

Although the district court's explanation of its reasoning was brief, Sellers' admitted, repeated violations of the conditions of his release, elucidated by the balance of the record, adequately supported the conclusion that Sellers' continued release would pose a sufficient risk to other persons or property. See Mitchell, 709 F.3d at 443 (considering probation officer's report attached to government's motion for revocation of conditional release when determining whether district court's factual findings were clearly erroneous). Sellers' mental health records indicated that he had a history of violence, was an alcoholic, and was initially incarcerated for illegal possession of a firearm in a Central Intelligence Agency installation. Despite his alcoholism, Sellers demonstrated an unwillingness to abstain from alcohol, resulting

3

in his arrest. Less than a year later, Sellers' mental condition exhibited a precipitous decline, and Sellers refused to take increased medication to control his worsening delusions—delusions that caused Sellers to behave irrationally and become aggressive toward his family members and strangers. Sellers also failed to maintain appropriate contact with his probation officer.

Accordingly, we conclude that Sellers' threat to others was clearly exhibited by his willingness to engage in risky, noncompliant behavior, such as consuming alcohol and refusing medication. That threat was made all the more concrete by Sellers' documented history of violence and weapons possession and the fact that Sellers' delusions of unjust persecution were causing him to exhibit aggression toward his family and those in his immediate community, individuals who quite plausibly could be harmed by Sellers. See United States v. Sahhar, 917 F.2d 1197, 1207 (9th Cir. 1990) ("[A] finding of 'substantial risk' under [§] 4246 may be based on any activity that evinces a genuine possibility of future harm to persons or property."); see also United States v. Williams, 299 F.3d 673, 677-78 (8th Cir. 2002) (finding of substantial risk supported by evidence of delusions and refusal to participate in mental health assessment); United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (finding actual violent conduct, threatening

4

letters, history of drug abuse, weapons possession, and failure to take prescribed medication supported finding of probable dangerousness).

We therefore conclude that the district court committed no error—plain or otherwise—in revoking Sellers' conditional release, and we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>