# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-32-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santos Contreras appeals his jury trial convictions for possession with intent to distribute 5 kilograms or more of cocaine and for possession of a firearm in relation to a drug-trafficking offense. Contreras argues that the district court abused its discretion in denying his motion to substitute counsel by determining that he was not entitled to counsel of his choice and in not ascertaining whether he intended to seek retained counsel. He further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court did not determine whether his appointed counsel was prepared for trial.

Although an indigent defendant has a Sixth Amendment right to be represented by counsel in his criminal proceedings, he is not entitled to demand a different appointed counsel in the absence of showing good cause. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013). The record of the hearing on the motion does not reflect that Contreras's appointed counsel was ineffective or had a conflict of interest with Contreras or that there had been a breakdown in communication or any irreconcilable conflicts that would have resulted in an unjust verdict. *Id.* at 441-42. Defense counsel indicated that he was prepared to go to trial. The record does not reflect a Sixth Amendment violation based on the ineffective assistance of counsel or that the district court abused its discretion in denying the motion to substitute a new appointed counsel. *Id.* With respect to Contreras's right to the retained counsel of his choice, he did not indicate that he had obtained retained counsel prepared to go to trial or that he intended to seek retained counsel. Even if a defendant is seeking to substitute a retained counsel, the court must balance the right to counsel of one's choice against the need for fairness and the demands of the court's calendar. *United States v. Jones,* 733 F.3d 574, 586-87 (5th Cir. 2013). The district court considered the lateness of the request for a change in counsel, the delays that would result, and the fact that the Government was prepared to go to trial. The district court balanced the relevant factors in the case and did not abuse its discretion in denying the motion to substitute.

Contreras further argues that the district court erred in denying his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal of the two charges on which the jury found him guilty. He preserved this issue for de novo review by making the motion at the close of the evidence. *United*

*States v. McDowell,* 498 F.3d 308, 312 (5th Cir. 2007).  He argues that the only evidence presented on the possession with intent to distribute charge was his presence in the vehicle where the drugs were concealed and the testimony of an informant who was seeking reduced charges in his own case.  The testimony of Gomez, the Government's informant, was corroborated by other evidence obtained by the Government through recorded telephone conversations, surveillance of the three locations related to the drug activity, the demeanor of Contreras at the time of the traffic stop, and telephone records.  Further, Contreras's testimony at trial was lacking in credibility.  The jury heard the testimony and apparently rejected the defense witnesses' version of the events.  This court will not reweigh the conflicting evidence or make credibility determinations.  *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).  Viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found beyond a reasonable doubt that Contreras had knowledge of the drugs concealed in the truck and that he was assisting in transporting the drugs to Chicago for distribution.  Thus, the district court did not err in denying the motion for acquittal on the drug count.  *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005).

Finally, Contreras argues that the district court erred in denying his motion for acquittal of the charge of possession of a firearm in furtherance of a drug-trafficking offense because it determined that the firearm's presence was merely foreseeable to him.  Although foreseeability may have been the incorrect term to use in determining whether a defendant was in possession of the firearm under § 924(c)(1)(A), proof that a firearm is possessed in furtherance of a drug-trafficking crime does not require evidence of the defendant's actual possession of the weapon.  Rather, the Government must show "that the firearm was available to provide protection to the defendant in

No. 12-41437

connection with his engagement in drug trafficking." *United States v. Smith,* 481 F.3d 259, 264 (5th Cir. 2007) (internal quotations and citation omitted); *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000).

The firearm was discovered because law enforcement had obtained reliable evidence which gave them a reasonable basis for believing that drugs were concealed in the vehicle with the intent to transport them to Chicago for distribution. The firearm was located in the vehicle's glove compartment next to the door where the drugs were concealed and the magazine containing ammunition was in a compartment under the radio. The firearm and ammunition were in close proximity to Contreras because he was in the passenger seat directly behind the glove box and next to the middle console. The firearm and ammunition were clearly available to provide protection to Contreras in the event someone attempted to steal the drugs or the large amount of currency to be received upon sale of the drugs. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found that Contreras possessed the gun in furtherance of a drug-trafficking offense. *See Smith*, 481 F.3d at 264; *United States v. Charles*, 469 F.3d 402, 407 (5th Cir. 2006). The district court did not err in denying the motion for a judgment of acquittal on the firearm count.

Contreras's convictions are AFFIRMED.