**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6971**

UNITED STATES OF AMERICA,

        Petitioner – Appellee,

    v.

MICHAEL ANTHONY TAYLOR,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-hc-02009-BR)

Submitted:  March 31, 2016        Decided:  April 8, 2016

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Joseph Bart Gilbert, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Taylor appeals from the district court's order revoking his conditional release and remanding him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2012). On appeal, Taylor contends that the court erred in finding that he violated the terms of his conditional release due to an arrest for driving under the influence when he was not adjudicated guilty of that offense. He also maintains that the court should not have revoked his conditional release after he mailed threatening letters. Finally, Taylor alleges that his original civil commitment was improper because his due process rights were violated during the original criminal investigation. Finding no error, we affirm.

When, as here, a district court is asked to revoke an individual's conditional release granted pursuant to 18 U.S.C. § 4246(e), it must hold a hearing to

> determine whether the [individual in question] should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(f). Accordingly, a district court may revoke conditional release upon two findings: "that the individual failed to comply with his treatment regimen and that his continued release would create a substantial risk of bodily

2

injury to another." United States v. Mitchell, 709 F.3d 436, 443 (5th Cir. 2013).

Generally, a district court's findings of fact under 18 U.S.C. § 4246(f), including an individual's risk to other persons or property, are reviewed for clear error. See United States v. Woods, 995 F.2d 894, 895-96 (9th Cir. 1993); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992) (indicating similar standard in review of denial of unconditional release). Although the district court's explanation of its reasoning was brief, we conclude that Taylor's admission that he wrote and mailed threatening letters, in addition to the information submitted with the Government's revocation motion, adequately supported the conclusion that Taylor's continued release posed a substantial risk to other persons or property. See Mitchell, 709 F.3d at 443 (considering probation officer's report attached to government's motion for revocation of conditional release when determining whether district court's factual findings were clearly erroneous). Taylor's mental health records indicated that he had a history of violence, and had a previous arrest for being "under the influence of a controlled substance."

Taylor's significant threat to others was clearly exhibited by his willingness to engage in noncompliant behavior, such as consuming alcohol, and mailing threatening letters to various individuals and law enforcement. See United States v. Sahhar,

3

917 F.2d 1197, 1207 (9th Cir. 1990) ("[A] finding of 'substantial risk' under section 4246 may be based on any activity that evinces a genuine possibility of future harm to persons or property."); see also United States v. Williams, 299 F.3d 673, 677-78 (8th Cir. 2002) (finding of substantial risk supported by evidence of delusions and refusal to participate in mental health assessment); United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (finding actual violent conduct, threatening letters, history of drug abuse, weapons possession, and failure to take prescribed medication supported finding of probable dangerousness).

Although Taylor claims on appeal for the first time that there was insufficient evidence of his use of alcohol because he was arrested, but not convicted, for driving under the influence, this claim fails. There was sufficient evidence to conclude that Taylor had used alcohol without a conviction for driving under the influence. Thus, there is no clear error in the court's finding of a violation of a release condition.

Finally, Taylor contends that his original commitment order was invalid because it resulted from an arrest and indictment based on an affidavit containing false information and misrepresentation of the law. Taylor did not raise these issues at the revocation hearing. Further, he had an opportunity to challenge the initial commitment on a direct appeal. Therefore,

4

these issues are not before us on this appeal from revocation of conditional release.

We therefore conclude that there was no reversible error in the revocation of Taylor's conditional release and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>