# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30429
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALWYN NORD STEWART, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-257-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alwyn Nord Stewart, Jr., appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute methamphetamine, challenging specifically the denial of his pretrial motion to dismiss his counsel, Stephen Glassell, and to appoint new counsel in his stead.[1] According to the relevant motion, Glassell told Stewart that he would not work for a "dope

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Glassell was Stewart's third attorney in the court below. Stewart's previous two attorneys had withdrawn–one at counsel's request and the other at Stewart's request.

dealer" and that he instead worked "for the state[,] negro."  Stewart contends that the level of hostility exhibited by Glassell's remarks raises serious questions about his loyalty to Stewart that, in turn, cast doubt on the correctness of the district court's denial of the motion appoint new counsel.  He seeks remand to allow the district court to make factual findings with respect to the truth of his allegations against Glassell.

The Sixth Amendment does not guarantee indigent defendants a right to appointed counsel of their choosing.  *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013).  A district court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant."  *Id.*  A substantial conflict or problem exists where there is "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict."  *Id.* (internal quotation marks and citation omitted).  Where appointment of new counsel is not mandatory, a district court abuses its discretion if it fails to inquire into a "seemingly substantial complaint about counsel" and the court "has no reason to suspect the bona fides of the defendant" or if the court refuses to replace counsel with whom it finds the defendant is justifiably dissatisfied. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) (citation omitted).

Contrary to Stewart's contention, the record before the district court sufficed to allow it to adequately appraise the nature of the alleged conflict of interest and its potential impact on Glassell's ability to represent Stewart. *See United States v. Fields*, 483 F.3d 313, 352 (5th Cir. 2007).  That evidence refutes Stewart's allegation that Glassell was, purportedly by his own admission, working on the Government's behalf and not his.  In addition to having filed largely fruitful pretrial motions on behalf of Stewart, Glassell

successfully counseled Stewart to accept a favorable plea agreement that assured him a maximum sentence of 20 years instead of the mandatory life sentence he faced if he proceeded to trial. There is simply no evidentiary basis for finding that Glassell was laboring under a conflict of interest, and Stewart has not shown that the district court would have, to that end, "learned anything material from [greater] inquiry." *Fields*, 483 F.3d at 352. As the record offered no basis for dismissing Glassell as counsel, the district court's election not to inquire further into Stewart's allegations was not reversible error. *Id.* at 352-53.

However, even if the district court should have inquired further into Stewart's complaint, reversal is unwarranted because "the record as a whole reflects that [Stewart's] claim was insubstantial and that he received vigorous and able representation at trial." *Young*, 482 F.2d at 995-96. Nothing in the record suggests a breakdown of the adversarial process. *See United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996). By going to trial, Stewart faced a mandatory life sentence as well as strong evidence of guilt. That he was able to plead guilty to a maximum sentence of 20 years refutes his argument that Glassell failed to zealously advocate on his behalf.

Stewart fails to show that, as a result of Glassell's alleged remarks, there existed "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which led to an apparently unjust verdict." *Mitchell*, 709 F.3d at 441 (internal quotation marks and citation omitted). Nor does he "demonstrate how substitute counsel could have performed any differently under the circumstances." *Id.* Therefore, the district court did not abuse its discretion in denying his motion to appoint new counsel, even to the extent it did so without making a specific factual finding or inquiring further about Stewart's allegations against Glassell. *See id.*; *Young*, 482 F.2d at 995. The

No. 15-30429

judgment of the district court is therefore AFFIRMED.