# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41515
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1615-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Garcia pleaded guilty to one count each of conspiracy to transport illegal aliens within the United States, resulting in the death of an alien, and of transporting illegal aliens within the United States, resulting in the death of an alien. *See* 8 U.S.C. § 1324(a)(1). He was sentenced, *inter alia*, to concurrent, above-Guidelines sentences of 144 and 120 months, respectively.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41515

The district court ruled a within-Guidelines sentence was inadequate because Garcia recklessly caused the deaths of two of the aliens.

Garcia contends:  his above-Guidelines sentence resulted from an unwarranted upward departure, as discussed *infra*, under Guideline § 5K2.1; and the court erred in failing to order a competency hearing under 18 U.S.C. § 4241.  Because he did not raise either issue in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Garcia must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Garcia contends the court's upward departure under § 5K2.1 was improper because it was based on a fact—the risk of death to the aliens caused by his reckless driving—already reflected in the Guidelines calculation.  *See* § 5K2.1, p.s.  The record reveals the court applied a variance based on 18 U.S.C. § 3553(a)'s sentencing factors, rather than a departure under the Guidelines. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008).  We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance".  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Garcia fails to show the court's reasons for varying from the advisory Guidelines sentencing range did not account for a § 3553(a) factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Rather, he merely "disagrees with the sentence and the balancing of factors conducted by the district court", which does not demonstrate the

2

requisite clear or obvious error.  *United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013); *see Puckett*, 556 U.S. at 135.

For his other claim, Garcia contends the court erroneously denied his motion for a competency evaluation, despite his prior diagnoses for attention deficit hyperactivity disorder (ADHD), bipolar disorder, and panic disorder; evidence he suffered from schizophrenia; and his counsel's own observations of his behavior.  Citing our decision in *Featherston v. Mitchell*, 418 F.2d 582, 584 (5th Cir. 1969), Garcia asserts the court had no discretion to deny his motion as long as it was non-frivolous and made in good faith.

A court must order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense".  18 U.S.C. § 4241(a).  In determining whether a competency hearing is required, we consider three factors:  any history of irrational behavior; the defendant's demeanor at a trial, if any (again, Garcia pleaded guilty); and any prior medical opinion on competency.  *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995).  Pursuant to 18 U.S.C. § 4241(b), a court "may" order a psychiatric or psychological examination prior to the hearing.

We discern no clear or obvious error in the court's decision not to order a competency hearing or evaluation.  *See Puckett*, 556 U.S. at 135.  Although Garcia cited a contemporaneous medical report—which is not part of the record—diagnosing him with ADHD, bipolar disorder, and panic disorder, as well as his mother's uncorroborated assertion that he also suffered from schizophrenia, the mere fact of a mental diagnosis does not mandate a competency hearing under 18 U.S.C. § 4241(a).  *See United States v. Mitchell*,

No. 15-41515

709 F.3d 436, 439-41 (5th Cir. 2013).   Garcia offered no proof of previous irrational behavior on his part; and, based on his demeanor and responses during the hearing on his motion, the court could reasonably determine there were no active competency concerns.  *See Davis*, 61 F.3d at 304.  Moreover, Garcia's colloquy with the court reflected his understanding of the nature and consequences of the proceedings against him and his ability to assist counsel in his own defense.  *See* 18 U.S.C. § 4241(a).

AFFIRMED.