**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7521**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

MICHAEL ANTHONY TAYLOR,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:08-hc-02009-BR)

Submitted: July 31, 2019               Decided: August 27, 2019

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Assistant United States Attorney, Genna D. Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Taylor appeals the district court's order denying his pro se motions for reconsideration of the revocation of his conditional release. On June 2, 2008, the district court committed Taylor to the custody of the Attorney General under 18 U.S.C. § 4246(d) (2012). In 2017, Taylor was released from the custody of the Attorney General and required to follow and comply with conditions for his release. In 2018, the Government moved to revoke Taylor's release, alleging that he was arrested for stalking in Georgia and he did not report the contact to his probation officer within 24 hours. At the revocation hearing, the district court did not adjudicate the question of whether Taylor violated his conditional release by committing the criminal conduct of stalking. The court revoked Taylor's conditional release based upon his failure to report his arrest for stalking to his probation officer within 24 hours. The court did not make other findings. Taylor filed pro se motions for reconsideration challenging the revocation based on his failure to report his arrest within 24 hours. The court denied the motions and Taylor appealed.

Taylor argues that the court revoked his conditional release for failing to report his contact with law enforcement officers to his probation officer within 24 hours of contact and that this finding alone is not sufficient to revoke his conditional release. The court did not find that Taylor did not comply with his treatment regimen, use alcohol or drugs, or commit any criminal conduct. Therefore, Taylor argues, the violation found by the court was insufficient to revoke his conditional release.

The Government argues that in his postjudgment motions for reconsideration, Taylor admitted to the violations cited in the probation officer's report. He admitted that

he failed to report contact with law enforcement officers within 24 hours and that he propositioned a 17-year-old female for a date and sex, which was part of the basis for the stalking charge. The Government contends that these admissions would be sufficient to find that Taylor violated his conditional release by violating local law and failing to report his arrest within 24 hours. The Government argues that Taylor's failure to report to his probation officer within 24 hours after his arrest is a valid ancillary condition and was part of Taylor's treatment regimen. Additionally, the Government further urges that the revocation was supported by the totality of information in the record before the court even if the court did not expressly state that it had considered it. *See United States v. Mitchell*, 709 F.3d 436, 443 (5th Cir. 2013) (considering probation officer's report attached to government's motion for revocation of conditional release when determining whether district court's factual findings were clearly erroneous).

When a district court is asked to revoke an individual's conditional release granted pursuant to 18 U.S.C. § 4246(e) (2012), it must hold a hearing to

> determine whether the [individual in question] should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(f) (2012). Accordingly, a district court may revoke conditional release upon two findings: "that the individual failed to comply with his treatment regimen and that his continued release would create a substantial risk of bodily injury to another." *Mitchell*, 709 F.3d at 443 & n.17.

3

This court reviews for abuse of discretion a district court's denial of a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014). Generally, on direct appeal from a revocation, a district court's findings of fact under 18 U.S.C. § 4246(f), including an individual's risk to other persons or property, are reviewed for clear error. *See United States v. Woods*, 995 F.2d 894, 895-96 (9th Cir. 1993); *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992) (indicating similar standard in review of denial of unconditional release).

The district court's explanation of its reasoning was brief. The court clearly stated that it was not making any findings regarding the stalking arrest. It rested its decision on Taylor's failure to report within 24 hours of contact with law enforcement. The district court failed to make any factual findings as to how Taylor's failure to comply with the 24 hour reporting rule would pose a risk to another, as required under 18 U.S.C. § 4246(f). Even assuming that violation of the condition constitutes a violation of the treatment regimen, as the Government argues, the court still must also find that Taylor's "continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f).

Accordingly, we conclude that the district court erred in revoking Taylor's conditional release without addressing whether Taylor's "continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(f). Therefore, the denial of the motions to alter or amend the judgment constitutes an abuse of discretion. Accordingly, we vacate the orders denying Taylor's motions to reconsider and revoking conditional release, and remand for a new

4

hearing on the motion to revoke conditional release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*