# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2021

Lyle W. Cayce
Clerk

No. 20-10460
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALFREDO TREJO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-374-3

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Alfredo Trejo pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. Although Trejo's plea agreement included a comprehensive waiver of his right to appeal, his arguments challenging the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10460

district court's failure to order a competency hearing falls within an exception to the appeal waiver for challenges to the voluntariness of his guilty plea. Accordingly, the Government's motion to dismiss based on the appeal waiver is DENIED.

Because Trejo's attorney never filed a motion requesting a competency hearing, we "must determine whether the district court abused its discretion in failing sua sponte to order one." *United States v. Davis*, 61 F.3d 291, 303 (5th Cir. 1995). The fact that Trejo had made two attempts to die by suicide and had been diagnosed with depression, anxiety, and schizophrenia does not suffice to mandate a competency hearing. *See id.*; *see also United States v. Mitchell*, 709 F.3d 436, 439-41 (5th Cir. 2013). Although Trejo complains that the magistrate judge twice continued his guilty plea hearings because of Trejo's conduct and statements, the record shows that the magistrate judge perceived Trejo as difficult, rather than incompetent. There is no evidence that Trejo had been previously deemed incompetent, and, based on his demeanor and responses during the hearing on his motion, the court could reasonably determine there were no present competency concerns. *See Davis*, 61 F.3d at 304. Moreover, Trejo's colloquy with the court reflected his understanding of the nature and consequences of the proceedings against him and his ability to assist counsel in his own defense. *See* 18 U.S.C. § 4241(a).

The judgment of the district court is AFFIRMED.