# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 09-40607
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOBARDO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-805-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Leobardo Villarreal appeals his convictions and sentences for attempted carjacking in violation of 18 U.S.C. § 2119 and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Villarreal was sentenced to 151 months in prison for the attempted carjacking conviction and to a consecutive sentence of 120 months for the firearm conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villarreal argues that the district court erred in not ordering his guilty pleas withdrawn and in not ordering a hearing concerning his competency to stand trial after it learned of his mental retardation diagnosis. He also argues that his convictions on the attempted carjacking and firearm counts violated the Double Jeopardy Clause, that the district court erred in refusing to decrease his combined adjusted offense level for acceptance of responsibility, and that the Government violated the plea agreement because it failed to recommend that his offense level be decreased for acceptance of responsibility.

Because Villarreal made no competency objection during the guilty plea hearing and did not seek to withdraw his guilty plea in the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). The record indicates that neither counsel nor the district court had any indication that Villarreal was mentally incompetent at the time he entered his pleas or that he did not understand the nature of the charges or the consequences of pleading guilty. The guilty plea hearing record also indicates that Villarreal's guilty plea was knowing and voluntary. Although Villarreal may have been diagnosed with mild mental retardation at the age of 12, he was only provisionally diagnosed as such after the court-ordered psychological evaluation, and there was no indication that Villarreal was not competent in fact at the time he entered his guilty pleas. *See Dusky v. United States*, 362 U.S. 402, 402 (1960); *Holmes v. King*, 709 F.2d 965, 967 (5th Cir. 1983). Accordingly, there was no obvious error by the district court in not ordering the guilty pleas withdrawn and/or in not ordering a competency hearing.

Villarreal's argument that his convictions for attempted carjacking and using and carrying a firearm during and in relation to a crime of violence violated the Double Jeopardy Clause is foreclosed by our precedent in *United States v. Singleton*, 16 F.3d 1419, 1423-29 (5th Cir. 1994). In addition, we defer to the district court's decision not to award Villarreal an adjustment for acceptance of responsibility because the district court's decision was not without

foundation. *See United States v. Cordero*, 465 F.3d 626, 630 (5th Cir. 2006); *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002). The district court adopted the calculations in the presentence report (PSR) of Villarreal's combined adjusted offense level. The PSR correctly noted that Villarreal received an adjustment to his attempted carjacking offense level for obstruction of justice, and pursuant to the commentary to U.S.S.G. § 3E1.1, an enhancement to a defendant's offense level for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *See* § 3E1.1, comment. (n.4).

Villarreal's assertion that the Government breached the plea agreement by failing to move for acceptance of responsibility in this case is belied by the record which confirms that the Government moved for acceptance of responsibility. Accordingly, Villarreal's attempted carjacking and firearm convictions and sentences are AFFIRMED. To the extent that Villarreal's counsel is seeking to withdraw from representing Villarreal in connection with any petition for a writ of certiorari before the United State Supreme Court, such motion is DENIED as premature. *See* Fifth Circuit Plan under the Criminal Justice Act, § 6.