# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 20-10582

United States of America,

*Plaintiff—Appellee*,

*versus*

Marco Barajas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-2

Before Smith, Stewart, and Willett, *Circuit Judges*.

Per Curiam:[*]

Marco Barajas pled guilty to participating in a widespread conspiracy involving the possession and distribution of methamphetamine. He was sentenced to 198 months' imprisonment. He now appeals asserting that the district court erred by failing to sua sponte order a competency hearing prior

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to accepting his guilty plea. Because we disagree, we AFFIRM the district court's judgment.

## I. Factual & Procedural Background

Barajas pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), 846. The district court sentenced Barajas to 198 months of imprisonment, a 12-month downward variance from the low end of the guidelines range, and imposed a three-year term of supervised release. Barajas filed this appeal.

## II. Standard of Review

We ordinarily apply an abuse-of-discretion standard of review in cases challenging a district court's failure to sua sponte order a competency hearing. *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002); *United States v. Davis*, 61 F.3d 291, 303 (5th Cir. 1995). But in cases where the defendant has failed to make a competency objection during the guilty plea hearing and does not seek to withdraw his guilty plea in the district court, we have reviewed for plain error. *See United States v. Montoya*, 838 F. App'x 898, 898 (5th Cir. 2021) (per curiam) (unpublished); *United States v. Villarreal*, 405 F. App'x 833, 833 (5th Cir. 2010) (per curiam) (unpublished). Because Barajas loses under either standard, we need not determine which applies here.

## III. Discussion

A district court's decision to conduct a competency hearing implicates both constitutional and statutory law. The conviction of a mentally incompetent defendant violates the Due Process Clause. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966). A defendant therefore has a procedural due process right to a competency hearing if the evidence before the district court "raises a bona fide doubt as to [the] defendant's competence to stand trial." *Id*. at 385 (internal quotation marks omitted). A defendant is "competent to stand

trial if he has the present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceeding[] against him." *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003) (internal quotation marks and citation omitted).

Under the constitutional standard, a district court should conduct a competency hearing if it "receive[s] information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense." *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1987) (citation omitted); *see Medina v. California*, 505 U.S. 437, 448 (1992) (noting that the key is whether the defendant had "the capacity to participate in his defense and understand the proceedings against him").

Similarly, 18 U.S.C. § 4241 provides that the district court, either upon motion of a party or sua sponte, shall order a competency evaluation "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A party may file a motion for a competency hearing, or the district court may sua sponte order a hearing, "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant." *Id.*

Whether "reasonable cause" exists to evaluate the defendant's competency is left to the sound discretion of the district court. *Messervey*, 317 F.3d at 463. Nevertheless, "[t]o determine whether there is 'reasonable cause' to doubt a defendant's competence, we consider: (1) any history of

No. 20-10582

irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency." *Id.* "Significantly, 'the presence or absence of mental illness or brain disorder is not dispositive' as to competency." *United States v. Mitchell*, 709 F.3d 436, 440 (5th Cir. 2013) (quoting *Mata v. Johnson*, 210 F.3d 324, 329 n.2 (5th Cir. 2000)).

Barajas argues for the first time on appeal that the district court violated his due process rights, as well as the provisions of 18 U.S.C. § 4241(a), by failing to sua sponte order a competency hearing. He avers that the information before the district court showed that he suffered from a debilitating mental defect caused by a gunshot wound to the head and should have raised a reasonable doubt about his competency. In support of his argument, he cites to his mother's testimony at the preliminary detention hearing, the information adduced at his plea hearing, and the information contained in the presentence report ("PSR"). We will examine each of these sources now.

### A. Preliminary Detention Hearing

At the preliminary detention hearing, Barajas's mother testified regarding the issue of pre-trial detention. She recounted that Barajas had been shot in the head six years ago and that he suffered from short-term memory issues. She explained that as a result of the injury, Barajas had received temporary Social Security disability payments and had been treated by a physician. She concluded, however, that Barajas had "been successfully growing as a man" during the past six years and that he had been able to hold down a job at AutoZone.

### B. Plea Hearing

At the plea hearing, Barajas's attorney advised the court that he had no reason to think that Barajas was not fully competent and capable of entering a guilty plea. He further stated that he had no reason to believe that

No. 20-10582

Barajas's decision to plead guilty was not knowingly, voluntarily, and intelligently made. At times during the plea hearing, the district court questioned Barajas directly. Barajas responded to the district court's questions with no apparent difficulty and provided his age, date of birth, and education and employment history. He also explained that he had not been under the care of a physician or psychiatrist during the last six months. When asked whether he had ever been treated for narcotics or alcohol addiction, Barajas described his "struggle with addiction" and his use of marijuana to help manage his seizures after his head injury. When asked whether he believed he suffered from "any kind of emotional or mental disability or problem," Barajas responded, "I don't really know." The district court reframed the question and asked Barajas whether he felt like he was "okay mentally," to which Barajas replied, "On a good day, yeah. On a bad day, I don't really feel like getting up out of bed, Your Honor."

The district court then asked Barajas's attorney whether he had observed any indications of a mental problem during his interactions with Barajas. His attorney responded, "Not in terms of understanding the proceedings." He then acknowledged that Barajas had previously suffered a head injury and stated that while he occasionally had to repeat things, he "never at any point thought he did not understand the proceedings or what was going on around him."

Barajas confirmed to the district court that he knew he was in court to offer his plea, and he understood that he was planning to enter a plea of guilty. He also confirmed that he had read and signed the factual resume and that he had his attorney strike certain facts in the resume about which he had no knowledge before he signed it. He further stated that his attorney had explained the legal meaning of the factual resume and that he "understood very well." The district court asked Barajas if his attorney reviewed the

factual resume with him "as many times as he needed . . . to understand it," and Barajas replied, "Yes, Your Honor."

The district court thereafter accepted the plea explaining that Barajas was "fully competent and capable of entering an informed plea, and that his plea of guilty to the offense charged by Count 2 of the information in this case is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of that offense, and that such plea did not result from force, threats, or promises."

### C. Presentence Report

The PSR reflected that Barajas sustained a gunshot wound to his head on April 5, 2013, was in a coma for two weeks, and required a month of rehabilitation. Medical records from 2019 confirmed that ballistic fragments remained in his head. He reported that he was diagnosed with bipolar disorder after the shooting incident and that he suffered from anxiety and panic attacks. He continued that he had previously received outpatient treatment and prescription medication but that he had not taken any medication since 2019. He stated that he continued to have seizures and memory and coordination issues. Medical records confirmed that he had been prescribed medication for seizures and that he had requested a psychology consultation during his incarceration because "he occasionally sees shadows, hears indistinguishable voices, and suffers from anxiety." As of the date of the PSR, there was no record that he had received any mental health treatment.

The PSR also noted that, a year after the shooting, Barajas attended South Texas Vocational Technical Institute in McAllen, Texas, and obtained his massage therapist license. Thereafter, he had several jobs. He worked as a cook for several months and reported that he was a home health care provider for his grandmother for eighteen months. He was most employed

recently at AutoZone, where he worked for six months before being arrested for the instant offense.

We now examine this evidence under the applicable factors to determine whether the district court erred in failing to sua sponte order a competency hearing prior to accepting Barajas's guilty plea. *See Messervey*, 317 F.3d at 463.

### 1. History of Prior Irrational Behavior

Barajas points to his statements to his probation officer that he "sees shadows [and] hears indistinguishable voices" as evidence of his irrational behavior. However, there is no other information in the record or in Barajas's medical records to substantiate these post-plea complaints. Additionally, Barajas gave no indication during the plea hearing that he was experiencing auditory or visual hallucinations and there is no other evidence in the record of any prior irrational behavior. Accordingly, this factor weighs against the necessity of ordering a competency hearing.

### 2. Defendant's Demeanor at Trial

Barajas asserts that the record shows that he refused to unequivocally commit to being mentally competent when questioned by the district court. This argument, however, is misguided. The district court did not ask Barajas about his mental competency; rather, the district court asked Barajas whether he believed that he suffered from an emotional or mental disability or problem and Barajas responded that he did not know. When the district court clarified by asking Barajas whether he was "okay mentally," he simply replied that he had some good days and other days when he did not want to get out of bed.

Barajas's unremarkable responses here do not qualify as evidence of mental incompetency. As an initial matter, whether he had mental or

emotional problems or a mental illness "is not dispositive as to [his] competency." *Mitchell*, 709 F.3d at 440 (internal quotation marks and citation omitted). Furthermore, the record reveals that Barajas's overall demeanor during the proceedings supports the government's argument that he acted appropriately and that "his conversation with the district court was coherent, responsive, and goal-directed." Barajas provided rational responses to the district court's questions and was able to intelligently discuss his education, work experience, and struggle with addiction. He rarely asked the district court to repeat a question during his plea hearing. Further, the record shows that Barajas was able to discuss his case with his attorney and to identify facts for his attorney that were either unknown to him or did not accurately represent his conduct in the offense. Consequently, this factor also weighs against the necessity of a competency hearing.

### 3. Prior Medical Opinion on Competency

Finally, Barajas contends that receiving Social Security disability benefits and his self-reported mental health diagnoses are tantamount to a medical declaration of incompetency. Again, his argument falls short. As an initial matter, Barajas cites to no case in support of his argument regarding receipt of Social Security disability. Further, while he asserts that "he had been deemed so mentally disabled by the State of Texas that he had received Social Security Disability payments," the record does not contain a final diagnosis or any verified declaration regarding his mental competency. Likewise, while the PSR references some evidence of medical treatment for seizures and anxiety, it does not contain any reference to medical records speaking to Barajas's competency. This factor weighs against the necessity of a competency hearing.

Regarding his past diagnoses, Barajas points our attention to our prior unpublished opinion in *United States v. Fuentes*, 38 F.3d 568, 1994 WL

574184, at *13 (5th Cir. 1994). There, this court held that the district court erred in failing to grant a competency hearing where the defendant had reported hearing voices and had been hospitalized for mental health problems. *Id.* In that case, however, we noted that "[a]n addendum to the PSR indicated that [the defendant's] mental history had been verified by medical records obtained from several doctors who had treated him. The PSR also indicated that the medical records were available for the district court to review." *Id.* Here, on the other hand, Barajas has failed to provide this court with adequate medical records detailing his mental history or supporting his claims of mental incompetency. Although Barajas has self-reported several issues involving his mental health, he has failed to provide medical records verifying his claims. For this reason, he is not entitled to the relief that was warranted in *Fuentes*.

In sum, our review of the applicable factors indicates that the district court's decision not to order a competency hearing was reasonable given the evidence before it. *See Messervey*, 317 F.3d at 463. Additionally, the record reveals that the information before the district court provided no reason to question whether Barajas understood the nature and consequences of the proceedings against him and was able to aid his attorney in his defense. *See* 18 U.S.C. § 4241(a); *see also Mitchell*, 709 F.3d at 441 (finding no abuse of discretion where a defendant, who was diagnosed with a schizophrenic disorder and made "illogical and rambling statements" in the district court but otherwise exhibited a "basic awareness and understanding of the proceedings"). Accordingly, we hold that the district court did not err in failing to sua sponte order a competency hearing.

## IV. Conclusion

The district court's judgment is AFFIRMED.